UNITED STATES of America, Plaintiff,

v.

43.635 ACRES OF LAND IN GREENE COUNTY, MISSOURI, and Leslie R. West, et al., and Unknown Owners, Defendants.

No. 1683, Tract No. 4 (3006-7).

United States District Court W. D. Missouri, S. D.

May 3, 1960.

Edward L. Scheufler, U. S. Atty., David A. Proctor, Jr., Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

No appearance for defendants.

R. JASPER SMITH, District Judge.

Plaintiff, United States of America, moves for an order of remittitur from the defendants, C. L. LeDuc and Virginia L. LeDuc, or in the alternative, to set aside the judgment of April 7, 1960, and to order a new trial. The motion is predicated on·alleged error in refusing to allow special benefits in reduction of the amount of damages sustained by the imposition of an easement for an electric power transmission line over Tract No. 4 arising from the extinguishment of a similar easement of N. W. Electric Power Cooperative, Inc. over the land as a direct result of plaintiff's taking an easement over the tract.

This condemnation action was commenced July 31, 1959. At that time a portion of Tract No. 4 was already subject to an easement for a high voltage transmission line owned and used for that purpose by N. W. Electric Power Cooperative, Inc. The N. W. easement was obtained in 1951. From the plats shown in evidence, it appears that the N. W. easement and present Tract No. 4 practically coincide with one another for a distance of approximately 500 feet. The two center lines then diverge, with Tract No. 4 continuing almost due north, and the N. W. line veering westwardly and then northwardly. Thus as a result of this action, plaintiff superimposed its easement over the easement of N. W. to the extent that the area overlapped, and there immediately arose a claim for just compensation, not only in favor of the defendant owners, but also in favor of N. W. The claim of N. W. was compromised and settled by a consent judgment entered November 19, 1959, calling for the removal of the transmission line of N. W. from its present location on defendants' land with an agreement for relocation within Tract No. 4 which is the subject of the present taking. N. W. will now operate and maintain its own transmission line upon structures provided by plaintiff on Tract No. 4. Under the consent judgment plaintiff was given the authority to exercise the right of N. W. to enter upon the lands for the purpose of removing N. W.'s transmission lines, and was subrogated to all rights of N. W. to any consideration arising from any benefits bestowed on the owners of the lands as a result of the abandonment of the portion of defendants' transmission line. The judgment further recited that upon removal of the transmission lines from N. W.'s easement not affected by this taking, N. W.'s easement across the lands of defendants would be considered abandoned.

Plaintiff insists that the imminent abandonment of N. W.'s easement will free the lands of defendants from the servitude of that easement, resulting in an enhancement of value of defendants'

remaining land and that plaintiff is entitled to reduce its obligation of just compensation for imposing an easement over Tract No. 4, to the extent of the monetary value of the enhancement just mentioned.

 There can be no quarrel with the general principle of law urged by plaintiff. Most certainly, in arriving at just compensation to a property owner, there should be offset against the value of the thing taken and the damage to the remainder whatever enhancement in value may have resulted from the public work requiring the taking. United States v. Miller, 317 U.S. 369, 375, 63 S.Ct. 276, 87 L.Ed. 336.

Plaintiff falls in error, however, in applying that principle here. It is contended that immediately upon plaintiff's superimposition of its easement over that of N. W. in Tract No. 4, the remainder of the easement of N. W. became the proper subject of abandonment. That conclusion is supported neither by logic nor by necessity. True, N. W. had a claim for just compensation upon the taking of the easement by plaintiff. The measure of the claim was the cost of providing substitute facilities of equal utility to those taken by plaintiff which, presumably, would include the cost of providing a new right-of-way for the transmission line of N. W. in place of the old one taken or destroyed here. Logically, this could be accomplished simply by moving N. W.'s line to the West a sufficient distance to clear the easement area taken by plaintiff and in that fashion connecting the interrupted segments.

The fact that the parties did not elect to proceed in this fashion, but rather, by negotiated settlement and a consent judgment, arranged for a system of joint user of plaintiff's right-of-way, certainly resulted in no change of status so far as forced abandonment of the old right-of-way was concerned on July 31, 1959, the date of the taking.

On that date there was no action as a result of the taking which could result in the forced abandonment of the untaken portions of N. W.'s right-of-way. Under those circumstances I see no basis for applying the speculative possibility of abandonment as an offset against the value of the thing taken and the damage to the remainder. Plaintiff's motion is overruled. It is so ordered.